HOBSON, Chief Judge.
Petitioners-plaintiffs bring this petition for writ of certiorari to review an order of the trial court which denied petitioners’ motion to produce certain documents known hereinafter as “CTS 1098 forms.”
The petitioners alleged in the court below that they purchased from respondent, West Coast Truck Sales & Service, Inc., hereinafter referred to as “West Coast,” a new International truck which had been manufactured by respondent, International Harvester Company, hereinafter referred to as “International.” The various counts of the complaint were framed alternatively as breach of implied warranty, breach of express warranty, negligence, and as to West Coast only, a count for rescission and restitution.
The petitioners’ motion to produce, in addition to requesting the production of the CTS 1098 claim forms, requested the respondents to produce other documents, which request was granted in part. Therefore, we must assume that the trial court was satisfied that the petitioners’ motion to produce met the requirements of a showing of good cause as required by Rule 1.350 R. C.P., 30 F.S.A.
The trial court did not give its ground for the denial of petitioners’ motion to produce the CTS 1098 forms; however, it is apparent from the record that his denial was based on the ground that said forms were “work product” of the respondents.
The CTS 1098 forms are forms which a dealer for International submits to International as a request for warranty credit. When a purchaser of a motor vehicle from a dealer of International brings his motor vehicle to the dealer for service or repair under a warranty and the dealer repairs said motor vehicle under the warranty, a CTS 1098 form must be completed by the dealer and filed with International in order for the dealer to receive credit from International under the warranty. This is strictly a business record submitted by the dealer (West Coast) to International and is in no way a document, memoranda, report, or statement made in anticipation of a claim. It is a report solely for the benefit of the dealer (West Coast) so that he may receive credit for services and repairs performed by him under the warranty issued by International and is not a report with respect to an actual or potential claim of the petitioners in this cause.
In oral argument respondents alluded to the fact that on the specific CTS 1098 forms requested by the petitioners herein International had after receipt of such forms made notes thereon which were made in anticipation of a claim against respondents by petitioners. The record before this court does not include the CTS 1098 forms requested by petitioners and, therefore, we cannot rule as to whether or not petitioners are entitled to have produced to them the forms in their entirety which would include the notations placed thereon by International.
[3] In finding that the information placed on the CTS 1098 forms by West Coast is a business record and not work product of the respondents, we must grant the petition for writ of certiorari and hold that the petitioners are entitled to a production of such information contained on the CTS 1098 forms as was placed thereon by the respondent West Coast. Upon remand the trial court should hold an “in camera” inspection of said forms and disclose only such information to the petitioners as is placed thereon by West Coast.
For the foregoing reasons the petition for writ of certiorari is granted and the cause remanded for further proceedings in accordance with this opinion.
LILES and McNULTY, JJ., concur.